UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LIECH TIEU PHAN,<br>A# 025174703<br><br>Petitioner, Pro Se<br><br>v.<br><br>JEFF SESSION, U.S. Attorney General<br>JOHN KELLY, Secretary of The<br>Department of Homeland Security<br>BRED BRADFORD, U.S. Ice Field Office<br>Director for The Houston Field<br>Office and ROBERT LACY, Warden of The<br>Immigration Detention Facility<br><br>Respondents | §§§§§§§§§§§§§§ | United States Courts<br>Southern District of Texas<br>**FILED**<br>APR 26 2018<br>David J. Bradley, Clerk of Court<br><br>Civil Action No._____ |

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Petitioner, **Liech Tieu Phan**, hereby petitions this court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. Petitioner asks this court to please consider **Haines v. Kerner 404 U.S. 519, 520 (1972)** holding that pro se litigants are to be held to less stringent standards in drafting their motion pleadings than trained lawyers during the determination of this response. In support of this petition and complaint for injunctive relief, the lawfulness of Petitioner's detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) for more than six months because ICE has been unable to obtain the travel documents necessary to deport Petitioner to Hong Kong or Vietnam. In support of this petition and complaint for the injunctive relief, Petitioner alleges as follows:

### CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at 15850 Export Plaza Drive, Corrections Corporation of America ("CCA") Detention Facility in Houston, Texas 77032. ICE has contracted with CCA to house

immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and their agents. Petitioner was first taken into the ICE's physical custody on October 11, 2017 and has remained "in custody".

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act (APA"), 5 U.S.C. § 701 *et seq.*

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Southern District of Texas, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner, Liech Tieu Phan, was born in Hong Kong.

7. Respondent, Jeff Session, is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Session has the ultimate custodial authority over Petitioner.

8. Respondent, John Kelly, is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such Mr. Kelly is the legal custodian of Petitioner.

9. Respondent, Bred Bradford, is the Field Office Director of the Houston Field Office of ICE and is Petitioner's immediate custodian. *See Vásquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000), cert. Denied, 122 S. Ct. 43 (2001).

10. Respondent, Robert Lacy Jr., is the Warden where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner, Liech Tieu Phan, was born in Hong Kong on August 20, 1980.

12. Petitioner entered the United States at San Francisco, California on May 24, 1981 as a refugee. Petitioner adjusted his status to that of Lawful Permanent Resident soon after. Petitioner lives with his family. Due to Petitioner's lengthy unlawful indefinite detention, his relationship with his family is suffering.

13. Petitioner was in the custody of the Texas Department of Criminal Justice for possession of marijuana. An Immigration Judge ordered the Petitioner removed on August 11, 2017. After serving just 2 out of 5 years, Petitioner was released to ICE.

14. Petitioner was first taken into ICE's physical custody on October 11, 2017 after being turned over from the Texas Department of Criminal Justice in Huntsville, Texas. Petitioner has been detained in ICE's custody since.

15. Petitioner's first custody review was on January 9, 2018 (3 months in ICE's custody) and was given a written decision that Petitioner will not be released from the custody of ICE because Petitioner poses a threat to the community and public safety. **(Exhibit 1)**

16. On April 13, 2018 (6 months and 4 days in ICE's custody) Petitioner was served with another written decision by ICE's Headquarters (HQ POCRU) to continue detention because a travel document from the Government of Vietnam is expected. ICE did not provide Petitioner with any proof of this claim. Furthermore, written decision no longer states that Petitioner poses a threat to the community and public safety. **(Exhibit 2)**

17. Petitioner was not born and has never been to Vietnam. Nor does Petitioner have any family residing in Vietnam.

18. Travel documents can not be expected for Petitioner who was never a citizen or a residence of Vietnam. Petitioner's continued detention in excess of the six months removal period is proof alone that Petitioner will not be removed in the foreseeable future.

19. Petitioner was detained by ICE on October 11, 2017. Therefore, the six-month presumptively reasonable removal period ended on <u>April 9, 2018.</u> Petitioner have been held <u>15 days</u> and counting over the deadline.

20. Petitioner has fully cooperated in good faith with all efforts by ICE to remove Petitioner from the United States.

(1) Petitioner gave ICE photographs, fingerprints and identity documents to effectuate removal.

(2) On October 26, 2017 Petitioner filled out a "Personal Particulars Form" given by ICE Deportation

Officer, Mr. Adolf Lopez, to be submitted to the Hong Kong Consulate. **(Exhibit 3)**

(3) On January 11, 2018 Petitioner also filled out a "Self Declaration Form" to be submitted to the Vietnam consulate. **(Exhibit 4)**

(4) On December 26, 2017 letters were sent from Petitioner, Petitioner's family, and Petitioner's friends to Mr. Adolf Lopez requesting for release. On April 10, 2018 Petitioner again sent a "Request for Release" letter to ICE's headquarters asking ICE to release Petitioner. ICE has not responded to any letters requesting for release. **(Exhibit 5)**

(5) Petitioner have called the Hong Kong consulate which went unanswered.

(6) Petitioner also called the Vietnam consulate on separate occasions which went unanswered.

(7) Petitioner have made several phone calls to his family and told them to ask the Hong Kong Consulate to issue travel documents. Petitioner's family was told by the Hong Kong Consulate that they will not issue travel documents due to the fact that he was a refugee. **(Exhibit 6)**

21. Petitioner has exhausted any and all administrative remedies to the extent required by law.

22. To date, however, ICE has been unable to remove Petitioner to Hong Kong, Vietnam or any other country by Respondents. Removal is not significantly likely to occur in the reasonably foreseeable future, or at all.

23. If released, Petitioner will reside with his family at 11358 Broadmead Street, South El Monte, California 91733. Your kind assistance in this regard will be greatly appreciated.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

24. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that six (6) months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. *Id.* At 702. In *Clark v. Martinez*, 543 U.S. 371 (2005), the Supreme Court held that its ruling *Zadvydas* applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQ POCRU has a six-month period for determining whether there is significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

25. Petitioner was ordered removed on August 11, 2017 and the removal order became final on August 11, 2017. Petitioner was then taken into ICE's custody on October 11, 2017.Therefore, the six-month presumptively reasonable removal period for Petitioner ended on April 9, 2018. Petitioner has been held 15 days over the deadline.

## CLAIMS FOR RELIEF

## COUNT ONE
## STATUTORY VIOLATIONS

26. Petitioner re-alleges and incorporates by reference paragraph 1 through 25 above.

27. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to Hong Kong or Vietnam is not significantly likely to occur in the reasonably foreseeable future. The Supreme court held in *Zadvydas* and *Martinez* that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

28. Petitioner re-alleges and incorporates by reference paragraph 1 through 27 above.

29. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

30. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. *Zadvydas* recognized that ICE may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six (6) months. Petitioner has already been detained in excess of six (6) months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

31. The harm to Petitioner if not released is immeasurably significant. The deprivation of Petitioner's physical liberty for 6 months and 15 days and counting into the future is an undeniably substantial and irreparable harm. As the Supreme Court noted in *Zadvydas*, "if removal is {215 F. Supp. 2D 54} not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699. Moreover, there is minimal harm to Respondents if Petitioner is released under appropriate conditions. The "basic purpose" of the statute is "assuring the alien's

presence at the moment of removal" Id here, there is little harm threatened by the release of Petitioner largely because Petitioner's release will be conditioned on ICE's supervision.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

32. Petitioner re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. Further, Respondents have failed to acknowledge or act upon the Petitioner's administrative request for release in timely manner. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates *Zadvydas*, wherefore, Petitioner requires emergency Habeas Corpus and preliminary injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a Writ of Habeas Corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C § 504 and 28 U.S.C § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

# VERIFICATION

In the Nature of 28 § U.S.C. 1746(1)

I declare, under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Respectfully Submitted,

_____                                                    Date:_____

Petitioner,
Liech Tieu Phan
A 025174703
15850 Export Plaza Drive
Houston, Texas 77032