IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIECH TIEU PHAN, (#A-025174703) | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. H-18-1326 |
| JEFF SESSIONS, *et al.*, | | |
| Respondents. | | |

## MEMORANDUM AND OPINION

The petitioner, Liech Tieu Phan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the duration of his confinement by United States Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). The respondents have filed a motion to dismiss, advising the court that Phan has been released from custody and his petition is moot. (Docket Entry No. 7). After considering all of the pleadings, and the applicable law, the court grants the respondents' motion and dismisses this case as moot. The reasons are explained below.

**I.    Discussion**

Phan is a native and citizen of Hong Kong. On August 11, 2017, while Phan was incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division, a local immigration judge entered an order of removal against him. On October 11, 2017, Phan was taken into ICE custody following his release from prison.

In his federal petition, filed April 24, 2018, Phan argues he is entitled to habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been in custody for more than six

months without a foreseeable removal date. In *Zadvydas*, the Supreme Court held that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires. *See id.* at 701.

The respondents have advised the court that Phan was released from custody under an order of supervision on May 18, 2018. (Docket Entries No. 7, 7-1). The respondents argue that Phan's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Phan's petition challenges only his continued detention, his release from custody leaves nothing for this court to remedy. *See id.*, at 18.

## II. Conclusion

The respondents' motion to dismiss, (Docket Entry No. 7), is granted. The habeas corpus petition filed by Phan is dismissed without prejudice as moot.

SIGNED on May 25, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

2